Darrel J. Gardner, Esq.
1029 West 3rd Avenue, Suite 110
Anchorage, Alaska 99501
(907) 278-1940

Attorney for Defendant Karen L. Vernon

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>vs.<br><br>KAREN L. VERNON and LONNIE G. VERNON,<br><br>              DefendantS. | Case No. 4:11-cr-0006-RJB-SAO<br><br>**MEMORANDUM IN SUPPORT OF UNOPPOSED JOINT MOTION TO DECLARE CASE COMPLEX OR UNUSUAL** |

      Defendants Karen and Lonnie Vernon jointly move the court for an order declaring this case complex and/or unusual. The government is unopposed. This is case involves two co-defendants[1] charged with eight felony counts including: Conspiracy to murder federal officials; threatening murder of a United States judge; threatening family member of United States judge, conspiracy to possess unregistered firearm and destructive device; possession of machine gun; possession of unregistered machine gun; and silenced firearm used in furtherance of a crime of violence. Docket 2. Due to the seriousness of the charges, the defendants face any sentence up to life in prison.

---

[1] Defendant Lonnie G. Vernon is also charged in a related illegal weapons conspiracy case, along with co-defendants Francis Cox and Coleman Barney, in 4:11-cr-0022-RJB-DMS.

The discovery in this case is staggeringly voluminous. According to the government, the following is a preliminary inventory of the discovery anticipated to be copied or otherwise made available to the defense:

1. Eight computers with 10 terrabytes of data.
2. 130 hours of audio and video recordings.
3, Approximately 5,000 pages of documents from the searches of residences and vehicles.
4. Several cell phones and attendant information therein which has to be downloaded into a searchable format.
5. 100's of optical disks (CDs and DVDs).
6. Digital cameras and digital video cameras.
7. Various weapons including two automatic Sten guns, hand grenades and their components, and hand gun with silencer.

This case involves a joint federal and state investigation.[2] There were several confidential informants involved, and included the use of surreptitious audio and video recordings. There were other surveillance and investigative methods employed. Due to the sheer volume and complexity of the discovery, and of the interrelationships of the alleged co-conspirators and informants, this case is clearly not "typical." The case presents unusual complexity and requires an extraordinary degree of file and discovery inventory, organization, and review intrinsic to making a legal analysis not only to the basic facts of the case, but as those fact might interplay with any potential pre-trial investigation and potential motions for suppression of evidence and/or statements, severance, or other relief. According to the government's attorney, some of the seized weapons including hand grenades and machine guns, have been sent out-of-district for expert analysis, which is expected to take at least another 60 days to perform. The defendant will then require time to have their own expert analysis performed, if indicted.

Pursuant to 18 U.S.C. Section 3161(h)(B)(7)(i-ii) or (iv), the motion should be granted in the interest of justice. This case should be declared complex, meaning the trial

---

[2] Both defendants in this case, along with four additional individuals, are also charged with multiple felony charges, including conspiracy to commit kidnapping and murder under Alaska state law, in cases 4FA-11-797 CR (L. Vernon) and 4FA-11-798 CR (K. Vernon).

date and pre-trial deadlines should be adjusted accordingly. The factors identified by Congress for a district judge to consider when determining whether there is good cause for a continuance are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. The Speedy Trial Act, 18 U.S.C. Section 3161(ii). Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. See 18 U.S.C. Section 3161(h)(7)(8)(iii).

Congress included a safety net under 18 U.S.C. Section 3161 (h)(7) (8) (iv), providing an additional discretionary mechanism to allow a defendant a fair trial. The pertinent language is as follows:

(iv) Whether the failure to grant a such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The court has the authority to order an extension of time for the filing of pre-trial motions as well as a lengthy continuance of trial due to the complexity of the litigation and the number of co-defendants, many of whom have not yet even been arraigned. There is discovery still outstanding as of this date, as represented by the government today at defendant Noyola's arraignment on the second superseding indictment. In *United States v. Sabino,* 274 F.3d 1053, 1065 (6th Cir. 2001), the court found that an open-ended continuance was permissible because the evidence was complex and voluminous. Defendant herein is not seeking an open-ended continuance of

the trial, but will ask the court to set a trial date beyond the usual 70-day limit. The Speedy Trial Act itself incorporates a balancing of factors to ensure that procedural liberality in a continuance granted in the interest of justice does not undermine the goals of diligence by the parties and the court, a speedy trial for the defendant and for the public and efficiency in administration of justice.

For example, in rejecting a district court's order under Section 3161(h)(8), the United States Supreme Court noted: "[t]he exclusion of delay resulting from an ends-of-justice continuance is the most open-ended type of exclusion recognized under the Act and, in allowing district courts to grant such continuances, Congress clearly meant to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases. But it is equally clear that Congress, knowing that the many sound grounds for granting ends-of-justice continuances could not be rigidly structured, saw a danger that such continuances could get out of hand and subvert the Act's detailed scheme. The strategy of § 3161(h)(8), then, is to counteract substantive open-endedness with procedural strictness. This provision demands on-the-record findings and specifies in some detail certain factors that a judge must consider in making those findings." See, e.g. *Zedner* v. *United States,* 547 U.S. 489, 508-09 (2006).

> "The Speedy Trial Act comprehensively regulates the time within which a trial must begin. Section 3161(h) specifies in detail numerous categories of delay that are not counted in applying the Act's deadlines. Conspicuously, § 3161(h) has no provision excluding periods of delay during which a defendant waives the application of the Act, and it is apparent from the terms of the Act that this omission was a considered one. Instead of simply allowing defendants to opt out of the Act, the Act demands that defense continuance requests fit within one of the specific exclusions set out in subsection (h). Subsection (h)(8), which permits ends-of-justice continuances, was plainly meant to cover many of these requests. Among the factors that a district court must consider in deciding whether to grant an ends-of-justice continuance are a defendant's need for "reasonable time to obtain counsel," "continuity of counsel," and "effective preparation" of counsel. § 3161(h)(8)(B)(iv)."

*Zedner v. United States*, 547 U.S. at 500.

The instant case meets the criteria for making a finding that it is complex, meets the criteria for an extension of the pretrial and trial dates due to the complexity of the case, and meets the criteria for an extended continuance of trial in the interest of justice. Accordingly, the defendants jointly move this court to make the finding that this case is "complex" within the meaning of the Speedy Trial Act and thereupon issue a *nunc pro tunc* order modifying the pretrial deadlines for motion practice and continuing the trial date. The government, through Assistant United States Attorney Steven E. Skrocki, is unopposed.

DATED this 31st day of March, 2011.

Respectfully submitted,

/s/ Darrel J. Gardner
Attorney for Karen L. Vernon
Alaska Bar No. 8310119
1029 West 3rd Avenue, Suite 110
Anchorage, AK  99501
Ph: (907) 278-1940
Fax: (907) 279-0170
mail@darrelgardner.com

/s/ M.J. Haden
Attorney for Lonnie G. Vernon
Federal Defender Agency
601 W. 5th Avenue, Suite 800
Anchorage, AK  99501
907-646-3400
Fax: 907-646-3480
MJ_Haden@fd.org

Certification:

I certify that on March 31, 2011, a copy of the
foregoing document was served by electronic mail on:

All parties of record.

/s/ Darrel J. Gardner